1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CRAIG ROBERT LINFOOT, | Civil No. 11-2771 AJB (BGS) |
|---|---|
| Petitioner, | **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Therefore, the Court **DENIES** Petitioner's request to proceed in forma pauperis.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note)

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval,* 81 F.3d at 895.

Here, Petitioner has incorrectly named the "People of California," and "The United States Attorney General" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

/ / /

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that the trial court imposed an excissive restitution fine as part of his sentence. (Pet. at 3-4.)   In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995)

reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing

/ / /

/ / /

/ / /

1  filings."). However, absent some other basis for tolling, the statute of limitations does run while
2  a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### CONCLUSION

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice for failure to name a proper respondent and failure to state a cognizable claim. To have the case reopened, Petitioner must, **no later than February 13, 2012**, (1) either pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) submit a First Amended Petition which cures the pleading deficiencies outlined in this Order. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis application and a blank First Amended Petition form.*

**IT IS SO ORDERED.**

DATED: December 12, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge

CC:     ALL PARTIES

K:\COMMON\BATTAGLI\DJ CASES\2 Orders to be filed\deny-dismiss.wpd, 121211           -5-